IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLSTATE INSURANCE COMPANY,     *

     Plaintiff,     *

v.     *     Civil No. TJS-15-1546

STANLEY ROCHKIND, *et al.*,     *

     Defendants.     *

*    *    *    *    *    *

**MEMORANDUM**

This Memorandum addresses Defendant Donald Ashby's "Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction and Failure to State a Claim" ("Motion") (ECF No. 24). Having considered the submissions of the parties (ECF Nos. 24 & 26), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion is **DENIED**.

## I.    Introduction

Plaintiff Allstate Insurance Company ("Allstate") filed its Complaint for Declaratory Judgment (ECF No. 1) in this Court on May 28, 2015. The Complaint seeks an order declaring that the claims made in an underlying suit[1] pending in Baltimore City Circuit Court, as well as any damages that may arise from the claims, are not covered under a certain Allstate policy in which Defendant Stanley Rochkind ("Rochkind") is the insured. (*Id.* at 6-7.) Ashby has been named as a defendant in this case because he is the plaintiff in the underlying suit pending in state court. The underlying suit alleges that Rochkind and other defendants are liable for Ashby's

---

[1] The underlying suit was filed in the Circuit Court of Maryland for Baltimore City and is captioned *Donald Ashby v. Stanley Rochkind, et al.*, Case No. 24-C-14-00-2500. (*See* ECF No. 1-1.)

contraction of harmful elevated blood lead levels due to lead paint exposure at a residence in Baltimore City that was "owned, operated, and controlled by" Rochkind and others. (ECF No. 1-1 at 4.)

Allstate is not a party in the underlying suit, but may be required to defend and indemnify Rochkind in the suit under the terms of a certain insurance policy. Specifically, Allstate issued a Personal Umbrella Policy ("Policy") to Rochkind that provided "personal liability coverage to Rochkind during [Ashby's] alleged dates of exposure." (ECF No. 1 ¶ 13.) The Policy provides coverage to Rochkind for personal injuries to others arising out of the "personal activities of an insured" but not "[a]ctivities related to any business." (ECF No. 1 ¶ 18.) The Policy defines "business" as "any full or part-time activity of any kind engaged in for economic gain," excluding "the rental or holding of any premises in a . . . . family residence owned or controlled by an insured as a dwelling, office, school or studio." (*Id.* ¶ 19.)

To this point, Allstate has "provided a defense to Rochkind" in the underlying suit in Baltimore City. (*Id.* ¶ 20.) According to Allstate's Complaint, however, discovery has revealed that Rochkind's only association to the residence at issue is in connection with his business activities. Allstate believes that while Rochkind was the partial owner of the business entity that exercised management control over the residence, he did not personally own or control the residence. (*Id.* ¶¶ 21-23.) Because the injuries alleged in the underlying suit arise out of Rochkind's business activities, Allstate asserts that they are not covered by the Policy. (*Id.* at 24.) Allstate maintains that it has "no obligation to defend [or] indemnify Rochkind under the Policy" and seeks a declaratory judgment to that effect. (*Id.*)

## II.      Discussion

### A.      The Motion to Dismiss

In his Motion to Dismiss (ECF No. 24), Ashby argues that this case must be dismissed because the Court lacks subject matter jurisdiction, the Complaint fails to state a claim for declaratory relief, and the interests of justice require that this matter be heard in state court. I will address each of these arguments in turn.

### B.      Legal Standard

A challenge to a district court's subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). First, a party may raise a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction. "In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* Second, a party may raise a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true," or that other facts, outside the four corners of the complaint, preclude the exercise of subject matter jurisdiction. *Id.* "In that situation, the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Id.* A plaintiff bears the burden of proving that subject matter jurisdiction exists by a preponderance of the evidence. *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

Rule 12(b)(6) allows a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a

claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

### C.    Subject Matter Jurisdiction

Subject matter jurisdiction in this case is predicated on the diversity of the parties. (ECF No. 1 ¶ 4.) District courts have "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. 1332(a)(1). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," where its "high level officers direct, control, and coordinate the corporation's activities." *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170-71 (4th Cir. 2014) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)). With exceptions not applicable here, diversity jurisdiction under § 1332 "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

According to the Complaint, "Allstate is incorporated in the State of Delaware, has its principal place of business . . . in Illinois, and is licensed to conduct business in Maryland." (ECF No. 1 ¶ 1.) Accordingly, for purposes of diversity jurisdiction, Allstate is a citizen of Delaware and Illinois, but not Maryland.[2] This alone distinguishes this case from *Howerey v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001), which is cited by Ashby and is inapposite here. Because Rochkind and Ashby are domiciled in Maryland[3] and the amount in controversy exceeds $75,000, the requirements for diversity jurisdiction are satisfied. Allstate has met its burden to establish subject matter jurisdiction.

### D.    The Declaratory Judgment Act

Under the Declaratory Judgment Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In general, a district court should entertain a declaratory judgment action "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v.*

---

[2] Ashby contends that because Allstate is licensed to conduct business in Maryland, it should be considered a citizen of Maryland, or at least should be equitably estopped from contending that it is not a citizen of Maryland. (ECF No. 24-1 at 3-5.) However, a corporation's citizenship under § 1332 is not determined with reference to where a corporation is licensed to conduct business or the mailing address that a corporation lists on pleadings.

[3] The Complaint states that Rochkind "is a resident of Maryland, residing at 5616 Park Heights Avenue, Baltimore, Maryland," and that Ashby "is a resident of Baltimore City, Maryland." (ECF No. 1 ¶¶ 2-3.) Ordinarily, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Rather, an individual is a citizen of the state where the person is domiciled, which "requires physical presence, coupled with an intent to make the State a home." *Id.* In this case, however, the parties do not dispute that Rochkind and Ashby are citizens of Maryland.

*Coffey*, 368 F.3d 409 (4th Cir. 2004) (internal quotation omitted). When a related state court proceeding is pending, however, a court must consider four factors (the "*Nautilus* factors") in determining whether to proceed with the declaratory judgment action in federal court:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Coffey*, 368 F.3d at 412 (citing *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994))).

Preliminarily, Ashby argues that because Allstate's obligations under the Policy are "determined by the allegations" in the underlying suit, these same obligations should be determined by the court in the underlying suit. (ECF No. 24-1 ¶¶ 9-11.) Because "it is well-settled law that if the plaintiff in the tort suit alleges a claim covered by the policy, the insurer has a duty to defend," Ashby argues that this Court should not relieve Allstate of that duty. (*Id.* ¶ 12.) Finally, Ashby argues that because the underlying suit remains pending and there has been no determination as to Rochkind's liability, this Court "cannot determine [Allstate's] duty to indemnify" because such a duty "attaches only upon liability." (*Id.* ¶ 14.)

Ashby's arguments are not persuasive. While Rochkind's liability is a central question in the underlying suit, it has little to do with this case. The Court will not be required to decide whether Rochkind is liable for any tort in this case in order to decide whether Allstate must defend and indemnify him. Similarly, the state court in the underlying case will not be required to decide whether Allstate has any duty to defend or indemnify Rochkind under the Policy. The question presented in this case—whether Allstate must defend and indemnify Rochkind—is

appropriate for a declaratory judgment action, as it will "serve a useful purpose in clarifying and settling the legal relations in issue, and . . . afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Coffey*, 368 F.3d at 412 (internal quotation marks omitted). Allstate has stated a claim that is appropriate to be heard as a declaratory judgment action.

Nonetheless, because of the related underlying suit in state court, the Court must take into account "considerations of federalism, efficiency, and comity" in determining whether to exercise its discretion under the Declaratory Judgment Act. *Id.*; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). These considerations are embodied in the *Nautilus* factors.

As to the first *Nautilus* factor, this Court finds that the state's interest is "not particularly significant" because the state law issues involved in this case are "unlikely to break new ground." *Coffey*, 368 F.3d at 414. Similarly, the second *Nautilus* factor does not suggest that this matter would be more efficiently resolved in state court, as Allstate is not a party in the underlying suit, and dismissing this case in deference to the state "would not seem to advance any cause of efficiency." *Id.* The third *Nautilus* factor causes no concern, as the only issue at stake in this action is whether Allstate has a duty to defend and indemnify Rochkind in the underlying lawsuit under the Policy. This issue would not be decided in the state court action, so there is no risk of creating an unnecessary "entanglement" by deciding it here. Finally, as to the fourth *Nautilus* factor, there is no indication that Plaintiffs have engaged in forum shopping. This factor typically favors abstention where there is an indication that a party "raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Nautilus*, 15 F.3d at 380. Declaratory judgment actions of this sort are "routinely heard by federal district courts," and it would be inappropriate to decline jurisdiction

in this case, especially because there is no evidence that Allstate has attempted to use this Court to gain an advantage that it would not have in state court. *See Allstate Ins. Co. v. Lawson*, No. 2:13CV00033, 2013 WL 5274503, at *3 (W.D. Va. Sept. 18, 2013). Having considered the *Nautilus* factors, the Court concludes that it must maintain this declaratory judgment action.

## III.    Conclusion

For the foregoing reasons, Defendant Donald Ashby's "Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction and Failure to State a Claim" (ECF No. 24) is **DENIED**.

January 4, 2016                                            /s/
Date                                                   Timothy J. Sullivan
                                                       United States Magistrate Judge