IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-15-1546 |
| STANLEY ROCHKIND, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**MEMORANDUM**

This Memorandum addresses the Motion to Dismiss ("Motion") (ECF No. 46) filed by Defendants Donald Ashby and Shana Ashby ("Defendants"). Having considered the submissions of the parties (ECF Nos. 46, 52 & 53), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion is **DENIED**.

**I.    Introduction**

Plaintiff Allstate Insurance Company ("Allstate") filed its Complaint for Declaratory Judgment (ECF No. 1) in this Court on May 28, 2015, and its Amended Complaint for Declaratory Judgment (ECF No. 38) on February 1, 2016. The Amended Complaint seeks an order declaring that the claims made in two lawsuits[1] pending in Baltimore City Circuit Court ("underlying suits"), as well as any damages that may arise from the claims, are not covered under a certain Allstate policy in which Defendant Stanley Rochkind ("Rochkind") is the insured. (ECF No. 38 at 6-7.) Defendants Donald Ashby and Shana Ashby have been named as

---

[1] The underlying suits were filed in the Circuit Court of Maryland for Baltimore City and are captioned as *Donald Ashby v. Stanley Rochkind, et al.*, Case No. 24-C-14-00-2500, and *Shana Ashby v. Harold Belman, et al.*, Case No. 24-C-14-005613. (*See* ECF No. 38 at 7.)

defendants in this case because they are the plaintiffs in the underlying suits. The underlying suits allege that Rochkind and other defendants are liable for the Defendants' contraction of harmful elevated blood lead levels due to lead paint exposure at a residence in Baltimore City ("the residence") that was "owned, operated, and controlled by" Rochkind and others. (*Id.* ¶ 9.)

Allstate is not a party in the underlying suits, but may be required to defend and indemnify Rochkind in the suits under the terms of a certain insurance policy. Specifically, Allstate issued a Personal Umbrella Policy ("Policy") to Rochkind that provided "personal liability coverage to Rochkind during [Defendants'] alleged dates of exposure." (*Id.* ¶ 13.) The Policy provides coverage to Rochkind for personal injuries to others arising out of the "personal activities of an insured" but not "[a]ctivities related to any business." (*Id.* ¶ 18.) The Policy defines "business" as "any full or part-time activity of any kind engaged in for economic gain," excluding "the rental or holding of any premises in a . . . . family residence owned or controlled by an insured as a dwelling, office, school or studio." (*Id.* ¶ 19.)

To date, Allstate has "provided a defense to Rochkind" in the underlying suits. (*Id.* ¶ 20.) According to Allstate's Amended Complaint, however, discovery has revealed that Rochkind's only association to the residence is in connection with his business activities. Allstate contends that Rochkind was the partial owner of a business entity that exercised management control over the residence and that his conduct in relation to the residence was a "business activity" under the Policy. (*Id.* ¶¶ 21-23.) Because the claims in the underlying suits arise out of Rochkind's business activities, Allstate asserts that the claims are not covered under the Policy. (*Id.* at 24.) Allstate maintains that it has "no obligation to defend [or] indemnify Rochkind under the Policy" and seeks a declaratory judgment to that effect. (*Id.*)

## II.     Discussion

### A.     The Motion to Dismiss

The Defendants raise four arguments in the Motion. (ECF No. 46-1.) First, that the Amended Complaint should be dismissed because Defendants have established a potentiality of coverage under Maryland law. (*Id.* at 6-8.) Second, that because Defendants have established a potentiality of coverage, Allstate may not introduce the extrinsic evidence that would be necessary for it to prevail on its request for a declaratory judgment. (*Id.* at 8-10.) Third, that the issues raised in the Amended Complaint are closely intertwined with the issues in the underlying suits. (*Id.* at 10-17.) Fourth, that Allstate's failure to "allege that Rochkind did not have a personal interest in the Subject Property" makes the Amended Complaint insufficient to state a claim upon which relief can be granted. (*Id.* at 17.) I will address each of these arguments in turn.

### B.     Legal Standard

Rule 12(b)(6) allows a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

      **C.**    **The Declaratory Judgment Act**

Under the Declaratory Judgment Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). In general, a district court should entertain a declaratory judgment action "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004) (internal quotation marks omitted). When a related state court proceeding is pending, however, a court must consider four factors (the "*Nautilus* factors") in determining whether to proceed with the declaratory judgment action in federal court:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Coffey*, 368 F.3d at 412 (citing *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-94 (4th Cir. 1998) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994))).

### D. Potentiality of Coverage

Under Maryland law, if claims are brought against an insurance policyholder that potentially come within the insurance coverage, the insurer has a duty to defend the insured. *See*, *e.g.*, *St. Paul Fire & Marine Ins. Co. v. Pryseski*, 292 Md. 187 (1981). Defendants argue that the Amended Complaint must be dismissed because the claims asserted against Rochkind potentially come within the Policy's coverage. (ECF No. 46-1 at 6-8.) Allstate does not dispute that the allegations in the underlying suits raise the potentiality of coverage, but argues that it can prove that it has no duty to defend or indemnify Defendants in the underlying suits. (ECF No. 52-1 at 8-9.)

These arguments miss the broader point that the pending Motion is brought under Rule 12(b)(6), and not as a motion for summary judgment. The Court's inquiry is limited to determining whether, accepting the well-pled allegations of the Amended Complaint as true, relief can be granted. The Amended Complaint seeks a declaration of Allstate's obligations under the terms of the Policy in connection with the underlying suits.[2] Regardless of whether the Court ultimately finds that Allstate is entitled to declaratory judgment in its favor, it is apparent from the allegations of the Amended Complaint that the Court can render a declaratory judgment in this case. Because the Amended Complaint states a claim upon which relief can be granted, Defendants' first argument is without merit.

### E. Extrinsic Evidence

Maryland courts generally look to the pleadings in an underlying lawsuit to determine whether there is a potentiality of coverage. *Aetna Cas. & Sur. Co. v. Cochran*, 337 Md. 98, 106

---

[2] In his answer to the Amended Complaint, Rochkind seeks a converse declaration from the Court: that Allstate has a duty to both defend and indemnify him under the terms of the Policy. (ECF No. 49 at 6-7.)

(1995). Extrinsic evidence may also be considered to establish a potentiality of coverage, but an "insurer may not use extrinsic evidence to contest coverage." *Id.* The parties disagree about whether Allstate is permitted to use extrinsic evidence to prove that it has no duty to defend Rochkind. Defendants argue that an insurer is never permitted to rely on extrinsic evidence to rebut the potentiality of coverage. (ECF No. 46-1 at 8-10.) Allstate argues that it can use extrinsic evidence in a declaratory judgment action to prove that the allegations made in an underlying suit fall outside of the Policy's coverage. (ECF No. 52-1 at 8-10.) The question of whether Allstate may use extrinsic evidence to obtain a declaration regarding its duty to defend has no bearing on the question of whether the Amended Complaint states a claim for which relief can be granted. This question is more appropriate in the context of a motion for summary judgment. The gravamen of Defendants' argument is that, given the facts of this case and the law in Maryland, a declaratory judgment could not be entered in Allstate's favor. This is an argument that Defendants will be permitted to raise in a dispositive motion under Rule 56, but it is inappropriate at this time. The question for the Court is not whether relief will ultimately be awarded in favor of Allstate, but whether any relief can be granted at all.

In *Charter Oak Fire Ins. Co. v. American Capital, Ltd.*, No. DKC-09-0100, 2011 WL 856374 (D. Md. Mar. 9, 2011), the court found that it would be inappropriate to resolve an insurer's duty to defend in the context of a motion to dismiss under Rule 12(b)(6). In addition to factors not present in this case, such as the possibility that the policies at issue might be declared void later in the case, the court cited the non-binding authority of the Court of Appeals of Maryland on the issue:

> Where a bill of complaint shows a subject matter that is within the contemplation of the relief afforded by the declaratory decree statute, and it states sufficient facts to show the existence of the subject matter and the dispute with reference thereto, upon which the court may exercise its declaratory power, it is immaterial that the

> ultimate ruling may be unfavorable to the plaintiff. The test of the sufficiency of the bill is not whether it shows that the plaintiff is entitled to the declaration of rights or interest in accordance with his theory, but whether he is entitled to a declaration at all; so, even though the plaintiff may be on the losing side of the dispute, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory decree.

*Charter Oak*, 2011 WL 856374, at *18 (quoting *120 West Fayette St., LLLP v. Mayor & City Council of Baltimore City,* 413 Md. 309, 356 (2010)).

Regardless of whether or not Allstate is permitted to use extrinsic evidence to disclaim its duty to defend, now is not the time for the Court to issue a declaratory judgment on the matter. That the Court is refraining from rendering a declaratory judgment at this time, however, does not mean that one should not be rendered in the future. The Fourth Circuit has instructed district courts to entertain declaratory judgment actions where the declaratory relief sought will serve a useful purpose in clarifying the legal relations in issue and terminate the "uncertainty, insecurity, and controversy giving rise to the proceeding." *Nautilus*, 15 F3.d at 375. Here, a clarification of Allstate's obligations and Rochkind's rights under the Policy meets both of those criteria. It is simply more appropriate for the Court to wait to issue any declaratory judgment until the matter is properly before the Court.

Defendants go on to argue that if Rochkind is not found to be liable in the underlying suits, a declaratory judgment in this Court would be unnecessary. The Court is not persuaded by this argument. As *Nautilus* candidly stated, "a liability insurer's indemnification agreement carries with it not only an obligation to pay judgments against the insured but also, in the real world, to pay settlement amounts." 15 F.3d at 376 (quoting *ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 666 F.2d 819, 823 (3d Cir. 1981)). Putting off the resolution of the issues in this case until judgments are entered in the underlying suits would prevent the litigants in those underlying suits from "shaping a settlement strategy and thereby avoiding unnecessary costs." *Id.*

**F.     *Nautilus* Factors**

Defendants argue that the issues raised in this case are "deeply intertwined" with the issues in the underlying suits. This argument was largely addressed in the Court's previous memorandum opinion (ECF No. 32). Defendants argue that they will "have to prove Rochkind's individual duty to them in the [underlying suits]" and that his "personal connection to [the residence] is an integral part" of those suits. (ECF No. 46-1 at 17.) This may be true, but the factfinders in the underlying suits will never be required to determine whether Rochkind's relationship with the residence was such that the claims are covered by the Policy. Defendants' citation to *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396 (1975) is useful to demonstrate this point. In that case, the Court of Appeals of Maryland held that it would be inappropriate (under Maryland law[3]) for a court to resolve questions in a declaratory judgment action that would otherwise be decided in an underlying lawsuit. In that case, however, the questions to be decided in the declaratory judgment action were not just "deeply intertwined" with the issues in the underlying litigation, they were identical. *Id.* ("[H]ere, Transamerica seeks to have resolved in a declaratory judgment proceeding questions which would be fully decided in pending tort actions.") In this case, the Court will ultimately answer two questions. First, does Allstate have a duty to defend Rochkind in the underlying suits? Second, whether or not Allstate must defend Rochkind, must it indemnify him for any judgment that is entered against him in the underlying suits? These questions will not be answered in the underlying suits, so the concerns raised in *Brohawn* are not implicated. *See also Pettit v. Erie Ins. Exch.*, 117 Md. App. 212, 219 (1998).

---

[3] Allstate correctly notes that this Court is not bound by Maryland state law on this point. The Federal Declaratory Judgment Act is procedural in nature and federal law, not state law, determines whether or not this Court should render a declaratory judgment in the first place.

As further support for denying Defendants' Motion, the Court reiterates its consideration of the *Nautilus* factors, which demonstrates the propriety of maintaining this declaratory judgment action:

> As to the first *Nautilus* factor, this Court finds that the state's interest is "not particularly significant" because the state law issues involved in this case are "unlikely to break new ground." *Coffey*, 368 F.3d at 414. Similarly, the second *Nautilus* factor does not suggest that this matter would be more efficiently resolved in state court, as Allstate is not a party in the underlying suit, and dismissing this case in deference to the state "would not seem to advance any cause of efficiency." *Id.* The third *Nautilus* factor causes no concern, as the only issue at stake in this action is whether Allstate has a duty to defend and indemnify Rochkind in the underlying lawsuit under the Policy. This issue would not be decided in the state court action, so there is no risk of creating an unnecessary "entanglement" by deciding it here. Finally, as to the fourth *Nautilus* factor, there is no indication that Plaintiffs have engaged in forum shopping. This factor typically favors abstention where there is an indication that a party "raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum." *Nautilus*, 15 F.3d at 380. Declaratory judgment actions of this sort are "routinely heard by federal district courts," and it would be inappropriate to decline jurisdiction in this case, especially because there is no evidence that Allstate has attempted to use this Court to gain an advantage that it would not have in state court. *See Allstate Ins. Co. v. Lawson*, No. 2:13CV00033, 2013 WL 5274503, at *3 (W.D. Va. Sept. 18, 2013). Having considered the *Nautilus* factors, the Court concludes that it must maintain this declaratory judgment action.

(ECF No. 32 at 7-8.)

### G.     Sufficiency of Amended Complaint

Finally, Defendants argue that Allstate's Amended Complaint must be dismissed because it fails to allege that Rochkind had no "personal interest" in the residence. (ECF No. 46-1 at 17.) Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555). To "state a claim to relief that is plausible on its face," a

plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Amended Complaint asserts the following facts relevant to this argument: (1) that the residence in the underlying suits was owned at various times by Garlean McCray and N.B.S., Inc.; (2) that N.B.S., Inc. may have managed the residence after the plaintiffs in the underlying suits were exposed to the lead; (3) that Rochkind had an ownership interest in N.B.S., Inc.; (4) that the Policy does not cover occurrences arising out of activities related to any business of an insured; and (5) that the claims in the underlying suits arise from Rochkind's business activities with N.B.S., Inc. (ECF No. 38 ¶¶ 18, 21-24.) These allegations are sufficient to comply with Rule 8's requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### III.  Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 46) is **DENIED**.

<u>July 15, 2016</u>                              <u>       /s/                        </u>
Date                                   Timothy J. Sullivan
                                       United States Magistrate Judge